(No. 6805

PATRICIA HILL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 30, 1978.*

ERWIN M. PEARL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD J. GROSSMAN, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Patricia Hill, has brought this action

seeking to recover from the State of Illinois for injuries she received in an automobile accident on January 13, 1972. She alleges that those injuries were due to the State's negligent failure to maintain Ridge Road at or near its intersection with Hubbard Street, in the Village of Thornton, in Cook County, Illinois.

On January 13, 1972, at about 11:00 a.m., Patricia Hill was driving a 1971, Oldsmobile Cutlass in a easterly direction on Ridge Road, an undivided, two-lane highway. The eastbound lane was approximately ten feet wide, and the westbound lane was approximately 12 feet wide. The eastbound lane had a 26 inch wide paved shoulder, and the westbound lane had a 22 inch wide paved shoulder. It appears that there was a drop-off of approximately six inches from the paved shoulders to an unpaved dirt area adjoining the shoulders. In 1971, Ridge Road had been widened and resurfaced, and the paved shoulders installed. The State inspected and accepted the completed highway on December 3, 1971 just two months before the date of the accident.

It had been snowing heavily in the hours prior to the accident. Ridge Road had been plowed at about 6:00 a.m., but high winds had caused drifting and the road was snow covered at the time of the accident.

Claimant was alone in her car, and coming from home and on her way to work. She described the weather as "very hazardous" and the road as "bad and slick". She said that there were about six inches of snow on the ground, and ice underneath the snow. She said she had not traveled on Ridge Road very often, and had done so on this occasion only because she had run an errand on her way to work. She said she was not familiar with the condition of the shoulders of the road.

Claimant had been eastbound on Ridge Road for about two miles as she approached Hubbard Street. She was going about 20 m.p.h. She said that the road was completely covered with snow from shoulder to shoulder, and that neither the yellow center line nor the shoulders were visible. She said she was driving in the tracks made in the snow by preceeding traffic, when she looked ahead and saw a large truck westbound. She said the truck seemed to be close to the center line, and that when the truck was about 200 feet away she observed it weaving towards her. She said that she eased the steering wheel of her car to the right to get out of the way of the truck and that when she did so the right wheels of her car struck the shoulder and went down into a rut in the unpaved portion of the shoulder. She said she took her foot off the gas and eased on the brake pedal to slow her car to about 10 or 15 m.p.h., and tried to drive out of the rut. She said that she kept sliding back into the rut, when as she eased the steering wheel to the left, her car suddenly shot out of the rut into the on-coming lane of traffic and crashed into the truck which she testified had been weaving towards her.

Mrs. Hill suffered extremely serious and permanent injuries in the collision, including partial paralysis of her extremities.

John F. Renaud was in an automobile following Mrs. Hill. He testified that he was familiar with Ridge Road near its intersection with Hubbard Street, as he traveled it every day for a least ten years prior to the date of the accident. He said that as Mrs. Hill's car approached the truck she edged her vehicle to the right, and that the right wheels of Mrs. Hill's car dropped into a rut alongside and adjacent to the pavement. He said the truck was ten to 15 feet from Mrs. Hill when her car

spun out of the rut and into its path.

Renaud said that he examined the shoulder of the road with a police officer after the accident. He said he observed that the surface of the shoulder was icy, and that there was a five to six inch drop-off between the roadway and the shoulder. He said that the shoulder itself was full of pot-holes.

Renaud added that the pavement was completely covered with ice and snow, but that the shoulder was visible.

Renaud said that he did not observe the truck which collided with Mrs. Hill's car ever leave the westbound lane, and that he did not see it weave.

Burt Hill, the former husband of the Claimant, testified that he was also familiar with Ridge Road, as he had driven it every day for at least two years prior to the date of the accident. He said that he had driven over the road at about 9:00 a.m. on the morning of the accident and observed that the whole area was covered with drifting snow. He said that the snow must have been about six inches deep, and that he could not see the edges of the pavement.

Marlon Veldkamp was the driver of the truck involved in the collision. Veldkamp said he had come to a stop at the intersection of Williams and Ridge Road, and then proceeded westbound down Ridge Road in a straight path. He denied that his vehicle swerved or that it ever entered the eastbound lane of traffic.

The State owes a duty to those using its streets and highways to keep those roads in a reasonably safe condition. *Schuck v. State, 25 Ill.Ct.Cl. 209.* This duty extends to properly maintaining the shoulders of a

highway for the uses for which they are reasonably intended. *Lee v. State, 25 Ill. Ct. Cl. 29; Welch v. State, 25 Ill. Ct. Cl. 270.* To recover in this action Claimant bears the burden of proving by a preponderance of the evidence that Respondent breached its duty of reasonable care; that the breach of duty was the proximate cause of her injuries; and that she was in the exercise of reasonable care for her own safety at the time of the accident.

The Court has carefully examined photographs of Ridge Road at the accident site. Those photographs show that the paved shoulder of Ridge Road was on the same level as the road itself, and was free of potholes. The photographs also show, however, that there was a deep drop-off from the paved shoulder to an unpaved area which adjoined the shoulder. It appears to the Court that the wheels of Claimant's car dropped into the rut between the edge of the paved shoulder and this unpaved area that adjoined the shoulder. Testimony at trial established that the drop-off was approximately six inches deep.

We have previously ruled that the State is not bound to maintain a shoulder in the same condition as the paved surface of a highway, and that a difference of a few inches between the height of the pavement and the shoulder is not negligence per se. See e.g. *Sommer, et al., v. State, 21 Ill. Ct. Cl. 259; Howell v. State, 23 Ill. Ct. Cl. 141.*

*In Sommer v. State, supra at 259,* we said:

"We do not feel Respondent has a duty to maintain the shoulders of its highways in a manner that would insure the safety of vehicles turning off the shoulder for whatever the purpose might be, and then attempting to return to the roadway while traveling at the same speed."

In *Alsup et al., v. State, 31 Ill. Ct. Cl. 315,* we held that a six inch difference in the level of the pavement

and the shoulder did not constitute a dangerous condition per se, and denied the claim where the driver of a vehicle lost control of his car while attempting to return his car to the highway.

Here Claimant was in control of her car when its right wheels dropped into the unpaved shoulder. She was in control of her car as she traveled for some distance in that manner, and only lost control of her car when, after several attempts, she drove out of the rut between the paved and unpaved portions of the shoulder.

Claimant had an opportunity to bring her car to a stop on the shoulder, but instead attempted to drive back on the highway without significantly reducing her speed. Particularly in view of the hazardous condition of the road, we think that she did not exercise reasonable care under the circumstances.

The Court regrets this unfortunate accident, but we must conclude that the negligence of Claimant was the proximate cause of her injuries.

It is therefore ordered that this claim be denied.