(No. 74-CC-0530— <span></span>

Scott Hupka, Claimant, *v*. The State of Illinois, Respondent.

*Opinion filed December 20, 1982.*

*Motion for reconsideration denied April 14, 1983.*

Lane & Munday (Jeffrey M. Marks, of counsel), for Claimant.

Tyrone C. Fahner, Attorney General (Paul M. Seng-piehl, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

The Claimant, Scott Hupka, seeks recovery for personal injuries he sustained while driving his automobile on Caldwell Street in the city of Niles, Cook County, Illinois.

581

The Claimant testified that on February 25, 1973, he was driving his automobile in a southerly direction on Caldwell Street at or near street number 7686 in the city of Niles, when his automobile struck a wide fissure in the street, causing his automobile to go out of control and off the street and collide with a mound of dirt causing his automobile to overturn, resulting in injuries to the Claimant.

Caldwell Street is a public highway, and the Respondent was responsible for its maintenance.

The highway had been in a defective condition for a considerable length of time before the accident in question occurred.

Respondent did not offer any evidence to contradict the evidence of Claimant.

Claimant offered two exhibits, one from the hospital and the other from the doctor, for the injuries Claimant sustained as a result of the accident.

Respondent, in maintaining said highway, either had actual or constructive notice that this defect was in the highway and should have repaired it.

The law in the State of Illinois is clear. In order for a Claimant in a tort action to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that Claimant was in the exercise of due care and caution for his own safety. *McNary v. State*, 22 Ill. Ct. Cl. 328.

It is clear in the case at bar, that the Claimant, Scott Hupka, was not guilty of contributory negligence, and it also is clear that the negligence of the Respondent in allowing the wide fissure in the street was the proximate cause of the accident.

There being no contributory negligence on the part

of the Claimant, it is the opinion of this Court that an award should be made in the amount of $1,500.00.

Claimant is hereby awarded the sum of $1,500.00.