(No. 78-CC-0248—

ERNEST T. REYNOLDS and THERESA REYNOLDS, Co-Administrators of the Estate of Aileen Reynolds, Claimants, v. THE STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH & DEVELOPMENTAL DISABILITIES, Respondent.

*Opinion filed May 23, 1983.*

RICHARD J. FRIEDMAN, SR., and EUGENE T. SHERMAN, for Claimants.

NEIL F. HARTIGAN, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim, sounding in tort, seeks damages for the wrongful death of Claimant's intestate who committed suicide, and is based on the alleged negligence of Respondent. The Claimant seeks relief based on two theories of recovery. The first theory is a wrongful death count which alleged that the State had negligently failed to look after, guard or care for the decedent. Claimant further alleged that this negligence was the proximate cause of decedent's death by suicide. The second theory of recovery alleges *res ipsa loquitur* regarding the decedent's death.

The evidence shows that Aileen Reynolds was examined and admitted to the Illinois State Psychiatric Institute (ISPI) on July 3, 1976 at or around 5:00 a.m. This was a holiday weekend and the inpatient units were closed for the three-day period.

At the time of the admitting examination, Dr. Marta Banegis noted under the chief complaint section in her admission notes as follows:

Patient conscious, alert, not oriented to time, said it was March 7, 1976; oriented to place and person — constantly preaching the Bible; doesn't re-

spond in another way. Has not eaten for the past four (4) days, has not slept six (6) hours in four (4) days. Has been sleeping in different places — does not cooperate to permit interpretation. Poor judgment — denies hallucinations. Denies usage of drugs.

The doctor then made a provisional diagnosis of acute psychotic episode and described Aileen's prognosis as good.

Decedent was assigned to an unlocked and minimally staffed ward which was described by the nurse in charge, Nurse Grimes, as an open unit, a therapeutic environment, a unit that was the least restrictive as possible. Over the course of the 34 hours in which the decedent was present in the unit, decedent attempted to escape on several occasions. Finally, on July 4, 1976, decedent escaped from ISPI.

On the morning of July 6, 1976, decedent was observed to jump in the Chicago River, force her head under the water and drown.

The burden of proof is on the Claimant to warrant the imposition of liability and negligence against the hospital. The State, by the Department of Mental Health, owes its patients the duty of protection and must exercise reasonable care toward the patients as the patient's known condition may require including safeguarding of a patient from dangers due to mental incapacity when such mental incapacities are known or by the exercise of reasonable care ought to be known. The State is not, however, an insurer of the safety of the patients under the care of its Department of Mental Health. *Estate of Gianos v. State* (1975), 30 Ill.Ct.Cl. 373.

It is the opinion of this court, that the Claimant did not sustain its burden and has failed to prove a negligent act committed by the State in regard to the manner in which it looked after, guarded or cared for Aileen Reynolds. The Claimant further failed to prove a causative

.factor between any alleged negligence and the subsequent death by suicide by Aileen Reynolds. *(Dimitrijevic v. Chicago Wesley Memorial Hospital* (1968), 92 Ill.App. 2d 252, 236 N.E. 2d 309.) For the foregoing reasons, the Claimant's theory of recovery under negligence for the wrongful death of the decedent is denied.

Furthermore, the doctrine of *res ipsa loquitur* has no application to the factual basis of this case. Therefore, Claimant's second theory of recovery also fails.

For the above stated reasons, the claim must be and is hereby denied.