(No. 81-CC-2346—

MINNIE HOEKSTRA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 21, 1984.*

*Order on petition for rehearing filed February 27, 1985.*

*Order filed August 8, 1985.*

JOHNSON & WESTRA, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN J. PERCONTI, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim brought by Claimant for damages for personal injuries sustained by her on January 7, 1981, when she fell on a patch of ice outside the rear entrance of the Secretary of State's driver's license facility in Lombard, Illinois.

The Secretary of State occupied the facility building, located in a shopping mall, under the terms of a lease introduced into evidence as Respondent's exhibit No. 1. In addition to the use of the building, the Secretary of State also had available to it, adjacent to the building, a certain amount of blacktopped parking space for test lanes.

As a result of an action brought by Claimant in the Circuit Court of Du Page County, Illinois, Claimant recovered from the lessor and another party the sum of $7,000.00. She also received $2,227.75 from Medicare and Blue Cross/Blue Shield for her medical bills.

The evidence in the record was mainly the testimony of Claimant and one of the employees of the Secretary of State's office. They directly contradicted each other.

Lawrence Sebastian, an examiner at the driver's license station, testified that on January 7, 1981, he arrived at work at approximately 7:30 a.m. and that the day was cold and clear. He testified it was the landlord's responsibility to remove the snow from the parking lot, including the rear entrance to the facility, and to salt the parking lot, including the rear entrance to the facility. He testified that after he arrived at work, he began getting cars lined up in the test lanes and heard a scream. He looked over at the rear entrance and saw that Claimant had fallen to the ground. He and another man went over to Claimant, helped her up, walked with her into the waiting room, and had her sit down in a chair. He further testified that the surface of the parking lot was clean and clear and there was salt on the pavement of the rear entranceway to the facility.

He testified that he and other employees of the Secretary of State shoveled snow from the rear entranceway and salted it and that this was on a voluntary basis. He stated they had some pails of rock salt they kept in a back room of the building as well as some snow removal equipment.

He further testified that the entrance to the rear of the building where Claimant fell was dry and there was rock salt on it, and that it was the obligation of the landlord to remove snow and ice, and the lease itself stated it was the obligation of the owner of the building, or landlord, rather than the tenant, to keep these premises clean and safe.

Claimant testified she and her husband arrived at the area about 8:00 a.m. and there was snow piled up against the building where it had been pushed to clear the parking lot and that the parking lot had been cleaned

of snow. She further testified that directly in front of the door at the rear entrance to the building there was a large patch of ice with some small dry spots and she endeavored to use the dry spots but slipped and fell. She stated her husband preceded her and he had opened the door and gone into the building at the time she fell. She stated she fell rather hard on her buttocks. She was helped to a chair by two "policemen." She stated she did not see any salt on the ice on which she claims she fell.

The lease was introduced into evidence and had a clause to the effect that it was the landlord's obligation to keep the premises free and clear so they were safe for use by individuals who might be going in the Respondent's office.

At the hearing before Commissioner Simpson, Claimant tried to have introduced into evidence an alleged conversation between two men dressed in officer's uniforms in which they said they should have salted or shoveled that morning. No proof was introduced into the record showing who the so-called officers were, and whether they were employees of the State of Illinois, the Secretary of State's office or police officers is not known. The commissioner properly ruled this was strictly hearsay evidence since there was no identification of the officers who made the alleged statements.

This Court has repeatedly held that the State is not an insurer of individuals who decide to use its facilities, and that the Respondent owes Claimant a duty of ordinary care in maintaining its premises in a reasonably safe condition. (*Fleischer v. State* (1983), 35 Ill. Ct. Cl. 799.) The Court also calls attention to the fact this was not a State-owned property but one that was leased, and

the lease placed the duty of keeping the premises clean upon the owner of the property. This Court has further held that the burden of proof in a negligence action is upon Claimant and that Claimant must prove by a preponderance of the evidence that the State was negligent, that such negligence was the proximate cause of the damages, and that Claimant was not contributorily negligent. (See *Hill v. State* (1978), 32 Ill. Ct. Cl. 482; *Levy v. State* (1958), 22 Ill. Ct. Cl. 694.)

The Court calls attention to the fact that Claimant has already collected for injuries complained of which would indicate she was of the opinion somebody else was responsible for the injuries she sustained.

Claimant having failed to meet the burden of proof required, award is denied, and this cause is dismissed.

## ORDER ON PETITION FOR REHEARING

HOLDERMAN, J.

This matter comes before the Court upon petition for rehearing filed by Claimant.

Claimant's petition states that the Court entered an order of dismissal before Claimant had filed her reply brief. The record indicates that Claimant's time to file brief and argument was January 2, 1985, and on December 21, 1984, the Court entered its order.

The Court confesses its error in this matter and grants Claimant's petition for rehearing. The Court therefore invalidates its order of December 21, 1984, and gives Claimant 60 days from the date of this order in which to file any additional briefs, if so desired, and gives Respondent an additional 60 days after Claimant's filing, if any, to reply to said brief.

The Court's order of December 21, 1984, is hereby vacated.

## ORDER

HOLDERMAN, J.

This matter comes before the Court after having received the briefs filed by Claimant and Respondent. An order was previously entered by this Court on December 21, 1984, denying Claimant an award.

The Court having read the briefs of the parties hereto and being fully advised of this cause, it is still of the opinion that the Court's original decision denying an award to Claimant was correct.

The Court again calls attention to the fact that the State is not an insurer of individuals who decide to use its facilities and the only obligation on the part of Respondent is that of ordinary care in maintaining its premises in a reasonably safe condition. The Court also calls attention to the fact that the property in which the accident occurred was not a State-owned property but one that was leased and the lease specifically provided for the care and maintenance of said property.

The State further calls attention to the fact that Claimant has already collected for injuries from the property owner and other parties involved.

The Court hereby reaffirms its decision to deny Claimant an award in this case and adopts its opinion of December 21, 1984, as its final decision.