(No. 84-CC-1501—)

MICHAEL KENNARD, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 8, 1986.*

MICHAEL KENNARD, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant was an inmate at the Joliet Correctional Center on November 21, 1983. On that date, Claimant, along with a large group of other inmates, was being escorted to the library at the correctional center when the inmates began to run towards the library. Correction Officer Hallman, who was in charge of the group, was the only guard present at the time and he ran past Claimant in order to try to get ahead of the inmates and stop them from running. As he passed Claimant, he

stepped upon a patch of ice and fell into Claimant, knocking Claimant to the ground. Claimant fell on his knee and hand. He received medical attention for both injuries.

Respondent has taken the position that the State is not liable for Claimant's injuries because the injuries were the result of the actions of a third party and not the State. Respondent contends that Officer Hallman's actions were made necessary by the actions of inmates who broke away from the group. Consequently, the injuries in question arose from the wrongful actions of a third party and not Respondent.

Claimant asserts this incident would not have occurred if another guard had been present. There is nothing in the record to indicate how the presence of a second guard could have prevented the inmates from breaking away from the group.

It is Respondent's further contention that Claimant has not suffered any compensable damages and submits the opinion of a radiologist to strengthen that position. The medical progress notes of November 21, 1983, 4:30 p.m. state that Claimant was "laughing—talking, sitting on edge of bed—knees hanging down does not appear to be in any distress." Claimant was furnished all necessary medical care for his alleged injuries.

It appears from the record that Claimant has failed to submit any medical evidence showing he sustained injuries of any consequence. See *Headlee v. State* (1974), 30 Ill. Ct. Cl. 119; *Frega v. State* (1956), 22 Ill. Ct. Cl. 399.

It is the Court's opinion that this incident was caused by the action of the inmates of the institution and

was not in any manner, shape or form caused by Respondent.

Award denied. Case dismissed.