(No. 83-CC-2111–)

DANIEL LEE COOLEY, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1986.*

F. JAMES FOLEY (WILLIAM C. CRAIG, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN PERCONTI, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arises out of a fight which occurred both in and out of the boxing ring at Logan Correctional Center between two inmates. The Claimant suffered a fractured nose as a result of the fight, which he claimed he was forced to engage in. His initial report to the correctional institution was that his nose was injured while lifting weights.

The weight room and the boxing room were combined in one room. Claimant claimed that while using the weights, he was forced to enter into a boxing match with another resident. After fighting outside of the ring, the Claimant put boxing gloves on and entered the ring to complete the fight. As a result of the fight, the Claimant claims that he suffered a fractured nose.

We see no basis for any award as a result of this claim. First of all, the cause of the Claimant's injury, by his own admission, was another resident. He can look to

legal redress against the other resident to compensate him for his injuries. We see no basis on the facts established in the record to indicate any negligence on the part of the State. In addition, we do not find the evidence of the Claimant to be persuasive.

Even if this Court were to believe the Claimant's version of the story, and to believe that the State was negligent in not having a supervisor constantly present in the weight room, we do not believe that the negligence, if it existed, would be the proximate cause for this injury. It is well settled law in the State of Illinois that the tortious actions of a third party breaks the chain of negligence running between a tortfeasor and a victim. There is no claim in this case that the resident who broke the Claimant's nose was in any way fighting on behalf of the State of Illinois, or as a result of the State of Illinois' direction or control.

In addition, it must be assumed that the Claimant assumed the risk totally, and was 100% contributorily negligent, by climbing into the ring and continuing to fight with a member of the boxing team who weighed in excess of 40 pounds more than the Claimant.

For all the reasons stated above, we deny this claim, and find for the Respondent.