(No. 90-CC-1939—

DAVID STARKS, SR., Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1992.*

DAVID STARKS, SR., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General ("KAY" CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

The Claimant filed his complaint in the Court of Claims on January 23, 1990, seeking $60,000 in damages from the State for injuries he received and for medical malpractice while an inmate in the Illinois Department of Corrections.

A trial was held before the commissioner assigned to the case on August 29, 1991. The evidence consists of the departmental report and the report of proceedings which was filed on September 17, 1991. The Claimant has failed to file a brief within the time limit set by rule, and the State has filed no brief. The Court will, however, thoroughly consider this claim without benefit of briefs and arguments.

The Court also notes that during the course of the trial, Claimant was granted 30 days to copy certain letters

and file them as evidence in the case. No such letters were ever filed by the Claimant in this cause to date, and therefore said letters will not be considered as evidence by the Court based on Claimant's failure to file said letters.

## THE FACTS

Claimant testified that sometime in 1987 or 1988, he injured his back while at the Logan Correctional Center. He further claimed that, in 1989, while at Stateville, he was refused medical attention when he injured his back again. He claims he did see a doctor who gave him a cane but no medication. A year later he was sent to the prison in Danville. The pain was worse and he was still seeking medical attention. Defendant testified that the State owes him $50,000 for injuries to his back because it is the State's job to protect him and give him medical assistance.

The injury is to Claimant's lower back. He has requested medical attention but he claims none has been forthcoming. The injury itself, according to Claimant's testimony, occurred at the prison in Logan while he was working out after boxing. He claims he was using weights and injured his back. He claims the State should have provided weight instructors. He was lifting 280 pounds.

Claimant also makes a claim against the State for medical malpractice because he has been refused medical treatment and is still being so refused. He claims $10,000 for bodily pain and mental anguish and suffering. He appeared in court for trial in chains and complained the chains caused pain.

Claimant testified he had nothing further to say about his injuries or his damages, and that they were

"self-explanatory." On cross-examination, Claimant did testify that he would still play basketball and box if he was allowed to leave his cell. Claimant also admits that no one from the Department of Corrections intentionally injured his back.

Dr. George Kuria testified for the State. Dr. Kuria is a licensed physician who provided medical care to Claimant. Dr. Kuria saw Claimant on December 1, 1989. Claimant, on that date, complained of back pain for three weeks after playing basketball. Dr. Kuria diagnosed non-serious muscular back pain. On May 18, 1990, Claimant was again seen by the doctor for knee pain. No mention of back pain was made by Claimant on that date.

In initially reviewing Claimant's medical records, Dr. Kuria found no complaints by Claimant for back pain while Claimant was at Stateville. There was no record of back pain for 1987-88 for Claimant in the medical records according to Dr. Kuria. The only injuries complained of by Claimant in the medical records while Claimant was at Logan were for a twisted left ankle on June 21, 1988, while playing basketball and for something being in Claimant's eye on August 25, 1988. In December of 1989, Dr. Kuria prescribed heat to back, Tylenol for pain, and back exercises for Claimant.

On September 11, 1990, Claimant complained of back pain. He also complained of back pain on February 20, 1991, on March 7, 1991, and on April 25, 1991. He was seen by doctors on all three occasions according to the medical records. On the last occasion, the records indicate Claimant refused to allow the doctor to examine him. On April 29, 1991, an X-ray report indicated that Claimant had a normal lumbar spine and had normal X rays of the back. The doctor reviewed the records fur-

ther and found that on January 14, 1988, the Claimant complained of back pain from lifting weights. He was given Motrin for pain. This note corroborated Claimant's testimony and showed the doctor erred in his earlier testimony.

The departmental report's medical progress notes indicate that on January 14, 1988, "received call from officer that inmate complained of back pain. When talked with inmate, he stated, 'I lifted a lot of weight last week and my back still hurts. I can't hardly move.'" The Claimant was advised to come to sick call on January 15, 1989. He was prescribed Tylenol as needed and warm, moist heat. The medical notes further indicated that Claimant was lifting 200 pounds and his back hurt. He was seen by a nurse and a doctor was called on January 14, 1988. The doctor prescribed Motrin four times a day for three days. A doctor visited Claimant on March 24, 1989, in the segregational unit, and Claimant made "no requests." On April 12, 1989, an intake screening was done for Claimant at Stateville. He made no medical complaints at that screening and had no physical limitations. The medical records indicate on November 27, 1989, Claimant complained of back pain and wanted to see the doctor because he hurt his back "2 weeks ago." He had apparently hurt his back playing basketball.

While the records indicate that Claimant was seen by nurses on many, many occasions, no further mention was made of back pain by Claimant in the medical records.

## The Law

Claimant presents two bases of recovery for the Court to consider. His first claim appears to be that some-

how the State is responsible for injuries to his back. The second claim is a malpractice claim for being refused medical attention.

To prevail on his first claim, the Claimant must prove by a preponderance of the evidence that the State had a duty to protect Claimant from harm, that the State negligently breached that duty, and that the negligence was the proximate cause of Claimant's injury. (*Hoekstra v. State* (1985), 38 Ill. Ct. Cl. 156.) The State owes a duty to prisoners, that being a duty of protection, and the State must exercise reasonable care toward the prisoners as the prisoners known conditions may require. However, the State is not an insurer of the safety of prisoners under its care. *Komeshak v. State* (1985), 38 Ill. Ct. Cl. 100; *Reynolds v. State* (1983), 35 Ill. Ct. Cl. 647.

In this case, the Claimant has failed to meet his burden of proof. The evidence indicates the Claimant may have hurt his back while lifting weights. There is absolutely no proof of any negligence on the part of the State in not providing supervision in the weight room or that a lack of supervision caused the injury. (*Cooley v. State* (1986), 38 Ill. Ct. Cl. 223.) The Claimant has failed to produce any evidence to support his claim. While the case may be self-explanatory to this Claimant, it is not self-explanatory to this Court absent any proof. Claimant was given a full and fair opportunity to present his claim and he failed to meet his burden of proof.

The second claim for medical malpractice also fails for want of proof. The State of Illinois has a duty to provide proper health treatment for inmates in the custody of the State, and the State must exercise ordinary and reasonable care for the inmates' health and life under the circumstances of the particular case. (*Peters v. State*

(1987), 40 Ill. Ct. Cl. 152.) Whether or not the State has failed to act in accordance with the standard of ordinary and reasonable care for the preservation of a prisoner's health is a question of fact. (*Desort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703.) In this case, no competent evidence was presented to indicate that Claimant was refused medical attention or that Claimant was provided inadequate medical care other than Claimant's own conclusions and complaints. Claimant presented no medical expert testimony to substantiate his claim. This Court may not conclude on its own what is or is not appropriate medical care under the circumstances of this case without the aid of expert testimony. (*Wood v. State* (1985), 38 Ill. Ct. Cl. 9; *Kennard v. State* (1986), 38 Ill. Ct. Cl. 268.) In fact, the medical progress notes in the departmental report contradict Claimant and show that he was seen on numerous occasions by doctors and nurses for a litany of conditions and that he did receive treatment of some kind on most occasions. It is, however, the Claimant's burden of proof to establish the standard of care and that a deviation from the standard of care was a proximate cause of his injuries. Claimant has failed to present such expert testimony and has therefore failed to meet his burden of proof and his claim must be denied. *Stanley v. State* (1986), 39 Ill. Ct. Cl. 107.

Wherefore, Claimant's claim is hereby denied and this cause of action is dismissed with prejudice.