(No. 87-CC-2911—

CAROLE ANNE-JEANETTE MARASOVIC, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed December 13, 1990.*

*Opinion filed March 25, 1993.*

*Order filed May 4, 1993.*

*Order filed June 9, 1993.*

ETTINGER & SCHOENFIELD, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

JOHN M. BARNES, for Intervenor.

## ORDER

BURKE, J.

On motion of Petitioner, Continental Casualty Company, it is ordered that the petition to intervene is granted.

## OPINION

BURKE, J.

On August 7, 1985, while employed by the Legal Assistance Foundation as an advocate in the protection and advocacy program, Claimant went to Howe Developmental Center in Tinley Park, Illinois, to interview a resident at the request of the resident's mother. Howe Developmental Center is a State institution for the mentally retarded and is staffed by State employees. Claimant was accompanied by an associate law student who also worked for the Legal Assistance Foundation. The Claimant made prior arrangements with the staff at Howe Developmental Center to meet and interview the resident.

When Claimant and her associate arrived at the center, they were met by staff of the facility and led to a small table in an open room within Unit 507 and directed to a table for their interview. Claimant requested a private room in which to conduct the interview, but was informed that the "open room" was all that was available. A staff member brought the resident to the table in the open room. At the far end of the room there were a number of patients who were seated along the wall behind Claimant. The staff permitted the patients, including a resident named Susan, to remain in the room.

The Claimant, while conducting her interview, was struck from behind by a heavy blow to the *back of her* head and neck. The blow caused the Claimant's head to go down on the table and snap back. Claimant was subsequently struck two additional times and each time her head snapped back and forth. Claimant stated that without provocation, a resident named Susan rammed her head into the back of the Claimant's head and neck. When the blows ceased the Claimant saw a staff person lead the assailant away.

At the time in question, Howe Developmental Center generally housed mentally retarded, nonviolent patients. The Claimant had never been in Unit 507. Further, the Claimant had no information to indicate that the person she went to interview at Howe was violent or that any of the other residents at Howe were violent. Unit 507 at Howe Developmental Center was a special unit for residents with behavioral problems and violent tendencies. The resident, Susan, had a history of violent behavior and unprovoked attacks which was documented in her record and which was known by the staff. Prior to the attack, no warning was given to the Claimant or her associate by the staff regarding the violent tendencies of the resident, Susan, or any other resident in Unit 507. The staff failed to supervise or otherwise control Susan at the time of the attack on Claimant. The State negligently exposed Claimant to a mentally retarded patient it knew was dangerous, failed to warn Claimant of the danger and failed to control or supervise a mentally retarded patient.

The State has a duty to prevent the patients of mental institutions from attacking people where such an attack is foreseeable given the history or the condition of the patient. (*Maloney v. State* (1957), 22 Ill. Ct. Cl. 567; *Calbeck v. State* (1958), 22 Ill. Ct. Cl. 722.) This is consistent

with Illinois law on custodial liability for harm caused by a third person in the custodian's control, which follows section 319 of the Restatement (Second) of Torts (1965). (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496.) This section of the Restatement states as follows:

"One who takes charge of a third person who he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

It is undisputed that the State is liable for Claimant's injuries arising from the attack. The State negligently placed Claimant in a position where she was open and vulnerable to an attack, failed to warn Claimant of the danger and failed to supervise or otherwise control a person under its control. The State breached its duty to prevent a patient in its control from attacking the Claimant when that attack was entirely foreseeable given the previous history and nature of the attacker. See *Maloney v. State* (1957), 22 Ill. Ct. Cl. 567; *Calbeck v. State* (1958), 22 Ill. Ct. Cl. 722.

The Claimant is entitled to damages for medical expenses of $5,889.25, pain and suffering experienced in the past and likely to be experienced in the future, and disability experienced in the past and likely to be experienced in the future.

Wherefore, it is hereby ordered that the Claimant be awarded $38,889 in full and complete satisfaction of this claim.

## ORDER

Burke, J.

This cause comes on to be heard following the Court's opinion entered herein on March 25, 1993, and

pursuant to the order of December 13, 1990, which granted Continental Casualty Company leave to intervene to protect its lien interest under the Workers' Compensation Act.

On March 25, 1993, an award was entered in favor of the Claimant, Carol Anne-Jeannette Marasovic in the amount of $38,889. The decision did not address the issue of Continental Casualty Company's interest in the case. At this time the Court anticipates that funds for payment of the award will not become available until late September of 1993. Prior to the funds becoming available, the Court is desirous of resolving the issue of the lien. The Court strongly encourages the parties to arrive at an agreement as to disposition of the proceeds of the award.

Wherefore, it is hereby ordered that

(1) Efforts to secure the appropriation of money to fund the award shall continue but no payment is to be made until further order of the Court,

(2) The parties are to confer regarding disbursal of the proceeds of the award, and

(3) If the parties arrive at an agreement as to disbursal of the award they are to notify the Court of terms of their agreement and, if they are unable to agree, then the parties or one of them is to so notify the Court so that a hearing may be scheduled.

## ORDER

BURKE, J.

This cause comes on to be heard following the entry of our order herein on May 4, 1993, and the parties' response thereto;

159

Pursuant to the agreement of the Claimant and the intervenor, $8,295.14 of the $38,889 award entered heretofore on March 25, 1993, is to be paid to Continental Casualty Company in care of its counsel and the clerk's office is directed to so voucher the payment.

So ordered.