(No. 86-CC-1055-)

KENNETH VAN HORN, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed August 10, 1993.*

JACK R. DAVIS (DAVID CORBETT, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

OPINION

MITCHELL, J.

This matter came on to be heard for trial on or about March, 1991. After hearing, both parties were afforded

an opportunity to submit briefs. However, only the Claimant submitted a brief.

At trial, the evidence was the following:

On June 23, 1984, at 8 p.m., Claimant was going West on Route 62 between Palatine Road and Route 59. Claimant was driving a motorcycle. The road was wet and visibility was poor. At this time, Claimant was traveling at 30 miles per hour. At this point, Claimant saw a car come into his lane traveling in the opposite direction, i.e., heading directly towards him. Claimant attempted to swerve to the right, but still collided with the car. Claimant lost consciousness and when he regained his consciousness, he was experiencing severe pain in his legs. It was subsequently determined that he suffered multiple fractures of both legs which caused one of his legs to eventually be shorter than the other; pain in his legs for the rest of his life along with stiffness. Claimant was out of work for approximately 28 months, causing him to lose $50,000 in wages. The State and Claimant stipulated that the medical bills from the accident of June 23, 1984, totalled $92,593.32. Claimant's other witness was Matthew Sielski. He testified as an expert witness for Claimant. Mr. Sielski is a professional traffic engineer. After qualifying Mr. Sielski as an expert, Claimant asked Mr. Sielski if he was familiar with Illinois State Route 62 between Palatine Road and State Route 59. Mr. Sielski stated that he was. Mr. Sielski stated that based upon a reasonable degree of scientific certainty, Illinois State Route 62 between State Route 59 and Palatine Road did not meet the standards in the profession of traffic engineers in the following ways: first, the shoulder width should be at least eight feet and the slope of the shoulder should be a one-foot drop every four feet, and second, the passing area at that point of the road is only 700 feet, which is too short to

allow safe passing. The current configuration of the road is that the shoulder is five to five and one-half feet wide with a drop-off of one foot for every two feet. In terms of the passing lane, it is currently 700 feet, but anything less than 850 to 900 feet is unsafe.

After the testimony of his expert witness, Claimant called no other witnesses. The Claimant never produced any evidence which indicated that the motorist with whom Claimant collided was attempting to pass and that as a result of the defective passing distance, the motorist collided with Claimant. Further, Claimant never produced any evidence that the alleged defective shoulder had anything to do with the accident.

The Respondent, State of Illinois, produced evidence from Larry Sorenson, an employee of the Illinois Department of Transportation for 30 years. Claimant stipulated that Mr. Sorenson was an expert and in particular in the area of road design engineering. Mr. Sorenson currently is a plan preparation engineer. His duties include supervising 20 to 30 other engineers and technicians designing various highways in the State of Illinois. Mr. Sorenson stated that Route 62 between Palatine Road and Route 59 is safe. His rationale for that statement was that the highway is generally straight with no horizontal or vertical curves. The shoulder is adequate for a vehicle to pull off with only shallow ditches. Finally, the pavement width meets the current criteria for pavement width. Mr. Sorenson stated that any deviation between the subject stretch of highway and current standards is explained by the fact that the highway, when it was built, was built to the then-prevailing standards. Unless an accident occurred at the location which indicated that it was unsafe, the road would not be reconstructed. The accident information regarding this stretch of highway indicated that in

a three-year period there were two accidents. The two accidents being the accident which is the subject of this lawsuit and a subsequent accident. Finally, Mr. Sorenson stated that there is no requirement to correct a highway shoulder which may be substandard by current standards.

The State's next witness was James Evers, who has worked for the Illinois Department of Transportation for approximately 37 years. Claimant stipulated that Mr. Evers is an expert. Mr. Evers is currently the operations traffic engineer for the arterial section. In his area, they devise the signs and markings for the highways and place the signs and markings on the highway. He stated that Route 62 between Palatine Road and Illinois Route 59 is properly marked according to the standards mandated by the law in Illinois. Finally, Mr. Evers testified that passing safely is the responsibility of the driver who is conducting the passing maneuver.

Claimant submitted a brief in support of his position. The State, in spite of the fact that it indicated on several occasions that it would submit a brief, has not done so. The State indicated that because Assistant Attorney General Buckley, who tried this case, left the office, someone else would submit a brief. However, no brief was ever submitted.

Claimant must prove by a preponderance of the evidence that the State was negligent, that the State's negligence was the proximate cause of the injuries and that the Claimant exercised due care for his or her own safety. *Hoekstra v. State* (1985), 38 Ill. Ct. Cl. 156, 159-160; *Hupka v. State* (1982), 35 Ill. Ct. Cl. 581. Claimant has not met his burden in this case.

The fundamental problem with Claimant's proof is that he has failed to demonstrate, even assuming there

was negligence by the State in the construction or marking of the highway, that negligence was the proximate cause of his injuries. Claimant *never* produced any evidence that the car with which he collided was in his lane because it was passing other vehicles. This was a necessary factual link to establish that the passing zone had anything to do with this accident. In the absence of the evidence of the other driver's actions, it is equally likely that the other driver was asleep at the wheel or was driving recklessly as it is that the driver was passing. The State in its opening statement put Claimant on notice that it was the State's position that the proximate cause of the injury was the unsafe operation of the other vehicle which struck Claimant and not any negligence by the State.

Claimant argues in his brief that the State failed to exercise reasonable care in the design, construction and maintenance of State Route 62 in that the passing area was too short and the shoulder was substandard. The evidence demonstrated no reasonable connection between the alleged negligent condition and the accident.[1] There was no evidence that the alleged substandard shoulder had anything to do with the accident. The sole cause of the accident, based upon the evidence adduced at the trial, is the action of the car which collided with Claimant.

It is hereby ordered that the Claimant has failed to demonstrate any connection between any alleged negligent action by the State and the accident, and the claim is hereby denied.

---

[1] As indicated in the statement of facts, the State submitted evidence which indicated that the condition of the road was not unsafe.