360

(No. 97-CC-0942—

PATRICK CAHEL, a minor by his father and next friend,
FRANK CAHEL and JESSICA CAHEL, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed March 3, 1999.*

BECKY LYNN DAHLGREN, for Claimants.

JIM RYAN, Attorney General (JACQUELINE K. WILLIAMS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

FREDERICK, J.

This cause comes before the Court on Respondent's motion for summary judgment and Claimant's response thereto, and the Court having reviewed the entire Court file and the motion and briefs, and the Court being fully advised in the premises, wherefore, the Court finds:

1. That Claimants filed their claim sounding in tort on October 21, 1996.

2. That on September 11, 1987, Michael Demchuk was released from Madden Health Center, a facility under the control of the Illinois Department of Human Services in Hines, Illinois.

3. That during Mr. Demchuk's 11 total admissions to Madden Health Center, he displayed only three instances at the facility which could be considered violent.

4. That the last such reported violent incident occurred in April of 1984.

5. That there were no medically reported violent incidents over the next three and one-half years.

6. That Mr. Demchuk displayed no violent tendencies during his final admission at Madden Health Center.

7. On September 12, 1987, Michael Demchuk stabbed eight-year-old Patrick Cahel 72 times.

8. That the Respondent did not know and could not have known that the patient would stab the child.

9. That there are no material issues of fact and Respondent is entitled to judgment as a matter of law.

10. That there is no evidence in the record which even suggests violence by Michael Demchuk towards Patrick Cahel.

11. That Patrick Cahel was not a potential victim who was readily identifiable by Respondent.

### Analysis of the Law

The burden of proof in a negligence case is on the Claimant and the Claimant must prove by a preponderance of the evidence that the State was negligent and that

such negligence was a proximate cause of Claimant's injury. *Hoekstra v. State* (1985), 38 Ill. Ct. Cl. 156.

Claimant's claim in this cause is a claim of inadequate psychiatric treatment and diagnosis leading to the negligent release of Michael Demchuk and for the failure of the State to protect Patrick Cahel from harm at the hands of Michael Demchuk. These are allegations of psychiatric malpractice and must be proven by expert testimony. (*Woods v. State* (1985), 38 Ill. Ct. Cl. 9.) In *Woods, supra,* the Court found that the State was not liable because there was nothing in the record to show the Respondent knew or should have known that the patient was suicidal. There was no expert testimony elicited to show that the symptoms exhibited by the patient should have indicated to the Respondent that the patient was suicidal. Because of this lack of proof, the Court found that the decedent's committing suicide was not foreseeable and denied the claim.

This Court also denied liability in a mental patient suicide case where the claim was based on the death of a mental patient by suicide subsequent to his escape from a mental health center. The Court held that to prevail, the Claimant must prove there was a lack of proper and reasonable care and that the State knew or should have reasonably been expected to know of or predict the escape. Because there was no proof that the Respondent knew or should have known the individual was contemplating escape or a suicide attempt, the claim was denied. *Calvin v. State* (1982), 35 Ill. Ct. Cl. 611; *Gaiser v. State* (1993), 45 Ill. Ct. Cl. 10.

While the facts of the preceding cases deal with suicide attempts by mental patients and not attacks on third parties by a released patient, the law stated therein is applicable to both types of cases.

The State is not an insurer of the safety of patients under the care of the Department of Mental Health, but it owes patients a duty of protection and must exercise reasonable care towards such patients according to their known condition or the condition, which through reasonable care, ought to be known. In *Reynolds v. State* (1983), 35 Ill. Ct. Cl. 647, the Court denied liability in a mental patient suicide case where Claimant failed to prove a negligent act committed by the State and where Claimant failed to prove a causative factor between any alleged negligence and the subsequent death by suicide of Ms. Reynolds. See also *Stevens v. State* (1976), 31 Ill. Ct. Cl. 458.

In a medical malpractice claim, the Claimant must prove by a preponderance of the evidence that there was a breach of a duty, the standard of care, the Respondent's deviation from the standard of care, and that the deviation was a proximate cause of the Claimant's injury. The standard of care is that care which is provided by reasonably well-trained medical providers in the same circumstances in a similar locality. *Williams v. State* (1994), 46 Ill. Ct. Cl. 221.

The State is not the insurer of mental health patients. In *Ingram v. State* (1979), 33 Ill. Ct. Cl. 134, the Court denied liability where a patient admitted to ISPI committed suicide. The decedent was admitted and later hung himself in the facility. The Court found, based on the evidence and medical records, that there was not sufficient evidence offered to show that the State should have known that the decedent had self-destructive thoughts.

The Claimant has the burden of showing that the Respondent failed to exercise reasonable care for the patient given his known condition. *Gaiser v. State* (1993), 45 Ill. Ct. Cl. 10; *Marasovic v. State* (1993), 45 Ill. Ct. Cl. 154.

364

The deposition transcripts and other evidence in this case presented to the Court for the summary judgment motion clearly show that the staff at the Madden Health Center was not aware that there was a strong likelihood that Mr. Demchuk would inflict serious harm upon himself or others. Without such knowledge, Respondent did not have a duty to take preventative measures to protect Patrick Cahel.

Therefore, it is ordered:

A. That Respondent's motion for summary judgment is granted.

B. That judgment is entered in favor of Respondent and against Claimant.

C. That the claim of Claimants is denied.