(No. 95-CC-1326—▪)

STEPHANIE CADENA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 31, 2000.*

LERNER & KIRCHNER (ROBERT G. KIRCHNER, of counsel), for Claimant.

FLYNN, PALMER & TAGUE (RICHARD KLAUS, of counsel), for Respondent.

## ORDER

HESS, J.

This matter is before the Court on Commissioner's recommendation filed after the Commissioner conducted a hearing. The Court being fully advised in the premises states as follows:

Claimant was struck in the mouth by a hockey puck while attending a hockey game at the ice rink located on the campus of the University of Illinois. From the evidence presented at the hearing, it appears that a player advancing down the ice took a slap shot. The opposing goalie left the goal area to defend against this player and, in attempting to stop the puck, he extended his stick. The stick used by the goalie in a hockey game is substantially different than other sticks in that it is wider. Because of the angle in which this goalie used his stick to block the puck, it acted like a ramp and sent the puck flying out of the rink. The Respondent presented the testimony of Greg Swanson, the manager of the facility. Mr. Swanson testified that he observed the entire incident and that it appeared that the Claimant was talking to a friend and not paying attention to the action of the rink. Furthermore, the puck left the ice and flew over the protective barrier and struck the wall behind Claimant, ricocheted off the wall and hit Claimant. Claimant presented pictures of portions of the protective wall, which was broken. Mr. Swanson testified that these pictures were of different portions of the rink than where Claimant was sitting. Mr. Swanson further testified that the protective wall where Claimant was sitting was fully intact.

Claimant apparently wishes this Court to disregard the testimony of Mr. Swanson, because he traveled from

Chicago to Urbana for the hearing without remuneration. Claimant apparently thinks that any witness, who willingly testifies without payment from a party, is a tainted witness whose testimony should be disregarded. The Court finds absolutely no basis in Claimant's contention and, to the contrary, finds Mr. Swanson's willingness to testify refreshing. The Commissioner did not detect any bias in Mr. Swanson's testimony and the Court could find none in the transcript. This unfounded attack on Mr. Swanson's motivations and credibility has amounted to nothing. The substance of Mr. Swanson's testimony remains.

Claimant's allegations are presented on a theory of negligence. A successful negligence case must establish the following: that the State was negligent, that the negligence was the proximate cause of the damages and that the Claimant was not contributorily negligent. The burden for this evidence rests on the Claimant and must be shown by a preponderance of the evidence. (*Hoekstra v. State* (1984), 38 Ill. Ct. Cl. 156.) Spectators of hockey games are owed a duty of ordinary care. *Riley v. Chicago Cougar Hockey Club, Inc.* (1981), 100 Ill. App. 3d 664, 427 N.E.2d 290.

Claimant has failed to reach her burden showing that the State has breached the duty it owed Claimant. There was a protective barrier installed at the stadium. The evidence has shown that the Claimant was not paying attention during the hockey game, and this inattentiveness contributed to her injury. This Court has repeatedly held that the State is not an insurer of individuals on its facilities. See *Hoekstra, supra.*

Accordingly, Claimant's claim is dismissed.