(No. 81-CC-2356–

CLARENCE DAVIDSON, Claimant, *v.* THE STATE OF ILLINOIS, Department of Corrections, Respondent.

*Opinion filed May 2, 1983.*

CLARENCE DAVIDSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant seeks to recover for the alleged neglect and failure of Respondent's agents in treating Claimant's dental disorders while he was incarcerated at Stateville Correctional Center.

The evidence in this case shows that while Claimant was a prisoner at Stateville, he experienced a toothache, and on February 10, 1981, in response to his request for dental attention, Claimant was called to the dentist's office. The dentist proceeded to fill one of Claimant's teeth. Later the same day, the toothache recurred and it was called to the attention of the dental department.

The following day, Claimant returned to the dentist

where the dentist who had filled the tooth on the previous day admitted he had filled the wrong tooth. Nothing was done for a few days, and in the meantime the tooth became infected, causing Claimant considerable pain and discomfort. This condition continued for a number of days until the tooth was finally extracted.

Claimant appeared *pro se* at the hearing in this cause and Respondent did not appear. Respondent subsequently stipulated to its own liability and submits this case on the question of Claimant's damages.

The record is clear and uncontradicted that Claimant suffered a toothache and that the tooth subsequently became infected. Claimant first went to the dentist on February 10, 1981, and he proceeded to receive treatment for a period of several weeks. During all this period of time, Claimant stated he was in constant pain and was given very little medication and finally resorted to taking aspirin and putting it on the infected tooth to get some relief.

The Respondent's records show Claimant did call the dental and medical department's attention to his situation.

Claimant alleges he suffered damage to his nerves as a result of the constant pain, that he is still nervous, and that he has never quite recovered from the ordeal he suffered.

The only evidence in the record is that introduced by Claimant which consists primarily of his testimony and the records from the dental department at Stateville.

The question now becomes a matter of how much damages should be awarded to Claimant for pain and suffering and permanent damages, if any.

*First National Bank v. Standard Paving Co.* (1973),

15 Ill. App. 3d 7, 303 N.E.2d 29, lays down the rule that where right of recovery exists, defendant cannot escape liability because damages are difficult of exact ascertainment, and that absolute certitude as to amount of damages is not required as long as damages have been proven within reasonable certainty.

*Witte v. State*, 21 Ill.Ct.Cl. 173, lays down the rule that "where evidence showed that an inmate, after being injured, did not receive medical attention from a qualified physician for ten days, the State was negligent, and an award will be made for permanent injury and deformity resulting therefrom."

The evidence is clear in the present case that Claimant did suffer as a result of the negligence of Respondent and that Respondent (1) filled the wrong tooth of Claimant; and (2) neglected to take care of the bad tooth, causing the infection of the tooth, which required treatment for a period of one month.

As stated above, Respondent has admitted negligence and did not submit any briefs as to the question of damages.

It is the opinion of this Court that the negligence of Respondent caused the damages complained of and that Claimant did suffer some damages.

Award is hereby entered in favor of Claimant in the amount of $1,250.00 for pain, suffering, and permanent damages.