(No. 85-CC-1606—

JIMMIE C. PETERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 19, 1987.*

JIMMIE C. PETERS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

Claimant is an inmate at Menard Correctional Center in Chester, Illinois. This case was filed January 1985, and prays for money damages in the sum of

$100,000 on the basis of Respondent's alleged failure to treat or give proper medical attention to Claimant's "slipped disk."

An exhaustive review of the departmental report pursuant to Rule 14 is unnecessary. It appears that Claimant has received substantial medical treatment at the Menard Correctional Center extending from July 4, 1984, through the time of the hearing in the case. This treatment includes contact with numerous physicians including neurologists and hospitalization. Claimant offered no evidence whatsoever that the substantial medical treatment revealed by the departmental report was in any way inadequate or negligently administered. The proof at hearing in this case consisted entirely of Claimant's unsupported conclusions that he had not received adequate or satisfactory care at the hands of the various physicians to whom he had been referred by Respondent.

This Court has repeatedly held that the Respondent has a duty of care with respect to proper health treatment of inmates in the custody of the Illinois Department of Corrections. (*Witte v. State*, 21 Ill. Ct. Cl. 173; *Davidson v. State*, 35 Ill. Ct. Cl. 825.) The State must exercise ordinary and reasonable care for the preservation of a prisoner's health and life under the circumstances of the particular case. (*Woods v. State* (1985), 38 Ill. Ct. Cl. 9.) Whether or not the State has failed to act in accordance with the standard of ordinary and reasonable care for the preservation of a prisoner's health is a question of fact. *Desort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468.

In this case, there is nothing in the record to indicate that inadequate medical care had been afforded to the Claimant, other than Claimant's own conclusions and

complaints. No expert testimony was offered or elicited to show that the symptoms from which Claimant suffers could or should have been differently treated than the treatment that was in fact afforded. The Court may not conclude on its own what is or is not appropriate medical care under the circumstances of this case without the aid of expert testimony. See *Woods v. State* (1985), 38 Ill. Ct. Cl. 9.

It is the opinion of this Court that the Claimant, having failed to meet the burden of proof required, is not entitled to an award.