173

(No. 86-CC-3006— <span style="background:black"></span> )
GREGORY RAY, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 12, 1991.*

*Order on motion for rehearing filed January 30, 1992.*

GREGORY RAY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DARRELL WILLIAMSON and CAROL BARLOW, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent, State of Illinois, for inadequate and negligent medical treatment to the small finger on his right hand. Claimant seeks compensation for permanent injury, disability, bodily pain and mental anguish, which he claims he suffered and continues to suffer, by virtue of the fault of Respondent.

On December 25, 1985, Claimant was involved in an altercation in the kitchen at Menard Penitentiary. Claimant threw a punch at his antagonist and broke the small finger on his right hand.

On June 24, 1988, Claimant testified that after he sustained injury, he went to the hospital because he was concerned about his injured knuckle. The nurse was

unable to treat him because the X-ray machine was inoperable. Four to five days later, the finger was X-rayed and Dr. Zimmen (phonetic) told Claimant that his knuckle was dislocated. Later, Claimant stated that the doctor told him that his finger was fractured. Claimant contended that certain medical records submitted by the State as part of the departmental report were inaccurate and that a medical record purporting to show Claimant's finger was X-rayed on December 26, 1985, with the determination that there was a fracture of the neck and the fifth right metacarpal bone with posterior angulation at the fracture site was inaccurate. Claimant stated that his finger healed in an improper manner and Respondent's medical personnel determined that the position of the bone fragment could not be improved due to instability at the fracture site.

Respondent's departmental reports contradicted portions of Claimant's testimony as to the time a determination was made regarding Respondent's broken finger. Claimant produced no expert medical proof in respect to his claim of negligent treatment by Respondent. No proof was adduced as to applicable standards of care in relation to the care and treatment of Claimant's injury. Despite evidence that Claimant's small finger on his right hand healed incorrectly, no proof was offered to establish medical malpractice. Claimant failed to establish the standard of care and deviation from the standard.

Wherefore it is hereby ordered that this claim is denied.

## ORDER ON MOTION FOR REHEARING

BURKE, J.

This cause coming to be heard upon the Claimant's

request for review and the Court being fully advised in the premises, wherefore, pursuant to section 790.220 of the Court of Claims Regulations states that the request for rehearing "shall state briefly the points supposed to have been overlooked or misapprehended by the Court." That the request filed herein does not do this.

It is hereby ordered that Claimant's request for review is hereby denied.