295

(No. 89-CC-2703—
CALVIN PINK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 8, 1991.*

CALVIN PINK, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (WILLIAM CONROY, Assistant Attorney General, of counsel), for Respondent.

OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damages of $50,000.00 from Respondent for injuries sustained by Claimant because Respondent failed to provide adequate medical care.

Claimant contends that when he entered the Illinois Department of Corrections, he suffered with foot problems and wore special medical shoes. Claimant was allowed to retain the special shoes while incarcerated in Cook County Jail. Claimant alleges that when he was transferred to Joliet Correctional Center, he was deprived of his shoes when they were confiscated. Claimant alleges that he constantly complained of pain he suffered

because he was unable to wear his special shoes and Respondent consistently refused his requests for treatment.

Claimant testified that in 1975 or 1976 his medical problems with his feet were first diagnosed by a foot clinic when he was 13 or 14 years of age. This was prior to becoming an inmate. Claimant received therapy for his feet, and was informed by a doctor that he needed arch support shoes. The therapy received consisted of soaking his feet in a whirlpool twice a week over a period of two or three years. He was fitted with arch supports at the clinic, which consisted of a shoe with a specially designed heel and structure within the shoe. Claimant contends he commenced wearing these shoes at age 13, and continued to wear them until he entered Joliet Correctional Center at age 25.

At the time his shoes were taken, he advised the Respondent's agents of his foot problem, but was told that all of his property from the street was confiscated. Claimant complained to medical personnel about his foot problem, but the medical examiners did not examine his feet. Claimant developed aches in his feet because he was deprived of his special shoes. The aches made it difficult for him to walk.

Claimant was moved to Centralia Correctional Center and spoke to medical personnel at Centralia regarding his condition. Claimant persisted in verbalizing his complaints concerning his need for arch supports while at Centralia through April of 1989. Claimant saw Dr. Shorff, head physician for the Centralia Correctional Center. Dr. Shorff examined Claimant's feet and prescribed aspirin, denied Claimant's request to see a podiatrist and advised Claimant that the State did not have funds to send him to see a podiatrist. X rays were

taken of his feet and showed nothing wrong with the structure of his bones. Claimant was experiencing sharp pains in his feet all the time.

When Claimant arrived at Menard subsequent to April of 1989, he complained of foot problems and was seen by medical personnel. Dr. Khan examined Claimant's feet and provided him with thin arch supports for inside his shoes. Claimant stated that the foam rubber supports have not changed his symptoms. Claimant renewed his request to see a podiatrist and was referred to Dr. Platt. Two or three weeks before the initial hearing in this case (July 14, 1989) Dr. Platt suggested that Claimant try arch supports or a different type of shoe, but at this time, there was no follow-through on Dr. Platt's recommendation.

Claimant offered no expert testimony or any other evidence to prove the allegations of his complaint. Claimant's allegations are essentially allegations of medical malpractice, and as such must be proven by expert testimony. (*O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12; *Porter v. State* (1965), 25 Ill. Ct. Cl. 62; *Woods v. State* (1985), 38 Ill. Ct. Cl. 9, 26.) Claimant must establish a breach of duty through expert testimony and establish that Respondent deviated from the required standard of care. (*Conrad v. Christ Hospital* (1975), 77 Ill. App. 3d 337, 396 N.E.2d 201.) Claimant failed to do so.

Wherefore it is hereby ordered that this claim is denied.