(No. 91-CC-1131– )

DONALD TACKETT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 23, 1993.*

DONALD TACKETT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

On November 8, 1989, Claimant was an inmate at Pontiac Correctional Center. Following a dental examination, it was determined that Claimant's third molar, No. 17, should be extracted. The oral surgery was performed by Dr. Frederick Craig, a board-certified oral surgeon. Dr. Craig was assisted by Dr. Jacqueline Mitchell.

Dr. Craig advised Claimant of possible post-surgical complications prior to the surgery, including the possibil-

ity of numbness. The location of the tooth required that it be cut and then removed in sections to eliminate pressure and possible fracture of the jaw. The surgery was performed without complication. On the day following surgery, Claimant was unable to open his mouth. Dr. Mitchell advised Claimant that it was a normal side effect of the surgery and prescribed a muscle relaxant, a pain medication and a liquid nutrient.

Twelve days after the surgery, Claimant was examined by Dr. Craig. Claimant complained of numbness to his tongue, sensitivity to hot and cold, and a tingling sensation to his tongue. Dr. Craig advised Claimant that the sensations he was experiencing could be temporary or permanent because the lingual nerve, the nerve through the tongue, may have been affected by the removal of the molar. Dr. Craig stated that the post-operative side effects which Claimant experienced were normal, though not common, complications of the surgery.

The issue before this Court is whether the agents of the State of Illinois were negligent in rendering medical treatment to Claimant. The Respondent has a duty of care with respect to the proper health treatment of inmates in the custody of the Illinois Department of Corrections. The State is required to exercise ordinary and reasonable care for the preservation of a prisoner's life and health. (*Peters v. State* (1987), 40 Ill. Ct. Cl. 152, 153.) Allegations of improper medical care are allegations of medical malpractice and must be proved by expert testimony. (*Woods v. State* (1985), 38 Ill. Ct. Cl. 9, 26; *O'Donnell v. State*, 34 Ill. Ct. Cl. 12; *Porter v. State* (1965), 25 Ill. Ct. Cl. 62.) The Court may not conclude on its own what is or is not appropriate medical care under the circumstances of the case without the aid of expert testimony. *Peters v. State* (1987), 40 Ill. Ct. Cl. 152, 153-54.

In the instant case, the record does not indicate improper or negligent medical care was afforded to the Claimant other than the conclusions of the Claimant. Claimant failed to offer any expert testimony to support his conclusion that he could have been treated differently or that the post-surgical complications from which he. suffers could have been avoided.

Wherefore, it is hereby ordered that Claimant failed to meet his burden of proof and the instant claim is denied.