(No. 88-CC-0667

DEWAYNE WILLIAMS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1994.*
*Order on petition for rehearing filed June 27, 1994.*

DEWAYNE WILLIAMS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Dewayne Williams, an inmate in the Illinois Department of Corrections, filed his claim in the Court of Claims on September 24, 1987. Claimant's claim is a claim for medical negligence. The cause was tried before Commissioner Fryzel.

Claimant testified that on June 26, 1984, while he was an inmate at the Menard Psychiatric Center, a homosexual touched him so Claimant hit him. Claimant was put in segregation for 15 days for hitting the other inmate. After his release from segregation, the other inmate ran up behind Claimant, jumped on Claimant's back, and bit Claimant on the shoulder. Claimant was taken to the hospital where the wound was treated with a white cream and bandaged.

In 1985 or 1986, when Claimant was transferred to Joliet, he kept going to the hospital for pain in his shoulder. For several years, Claimant was told that he had a well-healed scar and nothing could be done for him. Sometime later he had x-rays taken of his shoulder. He had surgery and a cyst was removed from his shoulder. Claimant believes it may have been a tooth removed from his shoulder. He saw an x-ray and a little piece of something that looked like a chipped tooth was in his shoulder. The medical records indicate a cyst and foreign bodies were removed on August 10, 1987. According to Claimant, the x-rays disappeared. Claimant has a scar on his shoulder. He also had pain in his shoulder. Claimant seeks $6,000 in damages for pain, suffering, and for refusing Claimant medical treatment. Claimant presented no expert medical testimony. The Respondent presented no evidence.

Claimant's claim is a cause of action sounding in

medical negligence. An inmate who files a claim against the State alleging medical malpractice must establish a breach of duty through expert testimony, establish that the Respondent deviated from the standard of care, and establish through expert testimony that the deviation was a proximate cause of Claimant's injury. (*Pink v. State* (1991), 44 Ill. Ct. Cl. 295.) Claimant has failed to present any expert testimony to establish the standard of care, that Respondent deviated from the standard of care, and that the deviation was a proximate cause of the Claimant's injury. (*O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12.) The standard of care is that care which is provided to a patient by reasonably well-trained medical providers in the same circumstances in a similar locality. The standard must be generally accepted in the medical community, and it is not sufficient for the patient's expert witness to testify that he would have acted differently in the same circumstances, or that alternative methods of proceeding exist. (*Wilsman v. Sloniewicz* (1988), 172 Ill. App. 3d 492.) The Claimant must establish the standard of care. *Thomas v. State* (1987), 40 Ill. Ct. Cl. 188; *Bock v. State* (1991), 43 Ill. Ct. Cl. 299.

The facts of this case are similar to the facts found in *Ray v. State* (1992), 44 Ill. Ct. Cl. 173. In *Ray, supra,* this Court denied the claims of an inmate who broke his finger in an altercation. In that case, it was alleged there was inadequate and negligent medical treatment, including delays in treatment and in obtaining an x-ray of the hand, which caused the finger to heal improperly. However, the Claimant failed to adduce proof as to the applicable standard of care and the State's deviation from that standard and the claim was denied.

While the Court has indicated a deviation from the standard of care may be found if the inadequate care is

obvious, such as where a sponge is left in during surgery, there still must be proof that the deviation was a proximate cause of the alleged injury. *Bock v. State* (1991), 43 Ill. Ct. Cl. 299; *Purtle v. Hess* (1986), 111 Ill. 2d 229.

The Court finds that inadequate care is not obvious in this case and the Court would have to rely on expert testimony to establish the standard of care and a deviation thereof. There is no competent proof of what foreign bodies were removed with the cyst or that the cyst was related to the bite. There is nothing in the record to establish the standard of care and if there was a deviation of that standard. There is also absolutely no competent evidence that the pain or seriousness of the injury was exacerbated by the State's treatment or lack thereof and was therefore a proximate cause of Claimant's injury.

The standard of proof for causation is that Claimant must prove by a preponderance of the evidence that Respondent's conduct was a proximate cause of the injury. (*Wise v. St. Mary's Hospital* (1978), 64 Ill. App. 3d 587.) Proximate cause is an essential element that must be proved in every medical malpractice case. Failure of the Claimant to establish that an act of medical negligence proximately caused the injuries suffered by the Claimant defeats the claim. (*Tops v. Logan* (1990), 197 Ill. App. 3d 284.) The Claimant sustains his burden by proving, generally through expert testimony, that Respondent's breach of the applicable standard of care is more probably true than not the cause of Claimant's injury. *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418; *Bishop v. Baz* (1991), 215 Ill. App. 3d 976.

Proximate cause is not established where the causal connection is contingent, speculative or merely possible. (*Newell v. Corres* (1984), 125 Ill. App. 3d 1087; *Pumula v. Sipos* (1987), 163 Ill. App. 3d 1093; *Mazur v. Lutheran*

*General Hospital* (1986), 143 Ill. App. 3d 528; *Piano v. Davidson* (1987), 157 Ill. App. 3d 649.) The testimony in this cause as to proximate cause is non-existent. As the Claimant must establish that the failure to treat and x-ray to a reasonable degree of medical certainty more probably than not caused the injury, he has failed to sustain his burden of proof. *Pumula v. Sipos* (1987), 163 Ill. App. 3d 1093.

In this case, Claimant has failed to establish that a direct causal relationship exists between the Respondent's alleged deviation from the standard of care and the Claimant's resulting injury.

Those practicing in the medical arts in the penitentiary are held to the same standard of care as those practicing in the communities of our State. To hold otherwise would be to abandon reason and common sense. We must recognize, however, that constraints necessarily exist in correctional institutions which have or may have a negative impact on the ability to deliver medical services. The medical arts practitioner should not be held liable for injuries resulting from these constraints. However, these constraints, while interfering with proper medical care, do not lessen the standards required of the medical arts practitioner. There is nothing unduly burdensome in holding that physicians employed by the Department of Corrections give inmates whom they treat the same duty of care which they owe their patients in private practice. (*Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1002.) In this case, however, there is no competent evidence that the prison physicians and medical providers deviated from the standard of care or that any actions of the physicians or medical providers proximately caused the injury of Claimant.

Based on the foregoing, it is the judgment of this Court that Claimant's claim is denied.

## ORDER

FREDERICK, J.

This cause comes on Claimant's petition for rehearing, and the Court having reviewed the entire file and the Court's opinion, and the Court being fully advised in the premises, wherefore, the Court finds:

(1) That the Court properly decided this cause in its opinion rendered on April 12, 1994.

(2) That Claimant failed to meet his burden of proof.

(3) That Claimant failed to prove by competent evidence that medical providers deviated from the standard of care which proximately caused the injuries complained of by a preponderance of the evidence.

Therefore, it is ordered that the petition for rehearing is denied.