(No. 92-CC-3100– )

KENNETH BAKER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1994.*
*Order on petition for rehearing filed July 14, 1994.*

KENNETH BAKER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (PHILLIP ROBERTSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Kenneth Baker, an inmate in the Illinois Department of Corrections, filed his complaint in the Court of Claims on May 21, 1992. Claimant seeks $10,000 in damages for the alleged negligence of the State in failing to provide proper medical care and treatment for his injured left index finger. The cause was tried by Commissioner Fryzel.

The evidence adduced at trial indicated that Claimant injured his left index finger while lifting weights in the prison yard on May 28, 1991. Claimant had 340 pounds smash his finger. Claimant went to the prison hospital and talked with Dr. Patel. Claimant testified that Dr. Patel stated that he would not be able to take x-rays because of the time. Claimant testified he requested immediate x-rays. Claimant was given aspirin and returned to his cell house. Claimant testified he protested being returned to his cell house. Later, in the middle of the night, Claimant returned to see Dr. Patel because of pain and was given Tylenol with codeine. Claimant took the Tylenol with the other medications. On the morning of May 29, 1991, Claimant had continued pain and returned to the prison hospital. Claimant's hand was x-rayed and a broken finger was diagnosed. Claimant was taken to St. James Hospital and had surgery where pins were put in his finger. He was returned to the prison hospital where he stayed until the next day. A partial cast was placed on the finger. The cast was removed in a few weeks. He had no physical therapy. The pins were left in the finger about a month when they were removed at the prison hospital. The doctor had problems removing one of the pins which caused Claimant pain. Claimant indicated he could not move his finger and could not close the finger. Claimant believes he should have been x-rayed and treated immediately by Dr. Patel and indicated he should be compensated for his suffering.

Claimant's medical records which were introduced into evidence indicate that Claimant presented to Dr. Patel at 3:40 p.m. on May 28, 1991. The description of injury was that Claimant was unable to move his left index finger, slight swelling to knuckle, and no bruising. Claimant was treated with a wrap to his hand, an analgesic and

a sling. A return visit was indicated for an x-ray in the morning as soon as possible. The diagnosis was blunt trauma to left hand with a possible fracture. The injury was listed as a sports injury and Claimant was advised not to lift weights for four to six weeks. The medical records further indicate that Claimant was given Tylenol 3 on May 29, 1991, had x-rays at 10:30 a.m., and at 3:35 p.m. was sent to St. James Hospital for reduction of a fracture of his left index finger. The fracture was an oblique fracture of the proximal phalanx near the distal end. Claimant denied any history of tingling or numbness. The reports also indicate that when Claimant was seen by Dr. Pankaj on May 29, 1991, he was not in acute distress but had marked tenderness at the pip joint area. The pins were removed on June 19, 1991.

On cross-examination, Claimant testified that on May 28, 1991, a nurse told him she did not understand why the doctor did not send him to an outside hospital at that time. Claimant testified he had permanent injury to his finger as he cannot close his finger. He believes Dr. Patel was negligent in that he did not treat the fracture immediately but instead sent him back to his cell house. The Claimant called no expert witnesses and the Respondent called no witnesses.

Claimant's claim is a cause of action sounding in medical negligence. An inmate who files a claim against the State alleging medical malpractice must establish a breach of duty through expert testimony, establish that the Respondent deviated from the standard of care, and establish through expert testimony that the deviation was a proximate cause of Claimant's injury. (*Pink v. State* (1991), 44 Ill. Ct. Cl. 295.) Claimant has failed to present any expert testimony to establish the standard of care, that Respondent deviated from the standard of care, and

that the deviation was a proximate cause of the Claimant's injury. (*O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12.) The standard of care is that care which is provided to a patient by reasonably well-trained medical providers in the same circumstances in a similar locality. The standard must be generally accepted in the medical community, and it is not sufficient for the patient's expert witness to testify that he would have acted differently in the same circumstances, or that alternative methods of proceeding exist. (*Wilsman v. Sloniewicz* (1988), 172 Ill. App. 3d 492.) The Claimant must establish the standard of care. *Thomas v. State* (1987), 40 Ill. Ct. Cl. 188; *Bock v. State* (1991), 43 Ill. Ct. Cl. 299.

The facts of this case are strikingly similar to the facts found in *Ray v. State* (1992), 44 Ill. Ct. Cl. 173. In *Ray, supra,* this Court denied the claims of an inmate who broke his finger in an altercation. In that case, it was alleged there was inadequate and negligent medical treatment, including delays in treatment and in obtaining an x-ray of the hand, which caused the finger to heal improperly. However, the Claimant failed to adduce proof as to the applicable standard of care and the State's deviation from that standard and the claim was denied.

While the Court has indicated a deviation from the standard of care may be found if the inadequate care is obvious, such as where a sponge is left in during surgery, there still must be proof that the deviation was a proximate cause of the alleged injury. *Bock v. State* (1991), 43 Ill. Ct. Cl. 299; *Purtle v. Hess* (1986), 111 Ill. 2d 229.

The Court finds that inadequate care is not obvious in this case and the Court would have to rely on expert testimony to establish the standard of care and a deviation thereof. The patient was seen at 3:45 p.m., had some swelling, was given pain medication, and x-rayed at 10:30

a.m. the next morning. There is nothing in the record to establish the standard of care and if there was a deviation of that standard. There is also absolutely no competent evidence that the pain or seriousness of the injury was exacerbated by the State's treatment and was therefore a proximate cause of Claimant's injury.

The standard of proof for causation is that Claimant must prove by a preponderance of the evidence that Respondent's conduct was a proximate cause of the injury. (*Wise v. St. Mary's Hospital* (1978), 64 Ill. App. 3d 587.) Proximate cause is an essential element that must be proved in every medical malpractice case. Failure of the Claimant to establish that an act of medical negligence proximately caused the injuries suffered by the Claimant defeats the claim. (*Tops v. Logan* (1990), 197 Ill. App. 3d 284.) The Claimant sustains his burden by proving, generally through expert testimony, that Respondent's breach of the applicable standard of care is more probably true than not the cause of Claimant's injury. *Borowski v. Von-Solbrig* (1975), 60 Ill. 2d 418; *Bishop v. Baz* (1991), 215 Ill. App. 3d 976.

Proximate cause is not established where the causal connection is contingent, speculative or merely possible. (*Newell v. Corres* (1984), 125 Ill. App. 3d 1087; *Pumula v. Sipos* (1987), 163 Ill. App. 3d 1093; *Mazur v. Lutheran General Hospital* (1986), 143 Ill. App. 3d 528; *Piano v. Davidson* (1987), 157 Ill. App. 3d 649.) The testimony in this cause as to proximate cause is non-existent. As the Claimant must establish that the failure to x-ray to a reasonable degree of medical certainty more probably than not caused the injury, he has failed to sustain his burden of proof. *Pumula v. Sipos* (1987), 163 Ill. App. 3d 1093.

In this case, Claimant has failed to establish that a direct causal relationship exists between the Respondent's

alleged deviation from the standard of care and the Claimant's resulting injury.

Those practicing the medical arts in the penitentiary are held to the same standard of care as those practicing in the communities of our State. To hold otherwise would be to abandon reason and common sense. We must recognize, however, that constraints necessarily exist in correctional institutions which have or may have a negative impact on the ability to deliver medical services. The medical arts practitioner should not be held liable for injuries resulting from these constraints. However, these constraints, while interfering with proper medical care, do not lessen the standards required of the medical arts practitioner. There is nothing unduly burdensome in holding that physicians employed by the Department of Corrections give inmates whom they treat the same duty of care which they owe their patients in private practice. (*Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1002.) In this case, there is no competent evidence that the prison physician deviated from the standard of care or that any actions of the doctor proximately caused the injury of Claimant.

Based on the foregoing, it is the judgment of this Court that Claimant's claim is denied.

## ORDER

FREDERICK, J.

This cause comes on Claimant's petition for rehearing, and the Court having reviewed the entire court file and the Court's opinion, and the Court being fully advised in the premises, wherefore, the Court finds:

(1) That the Court properly understood the evidence adduced at trial.

(2) That the medical reports adduced to not establish a standard of care.

(3) That the medical reports were considered by the Court but they do not establish the standard of care.

(4) That following different procedures do not necessarily establish a standard of care and a deviation therefrom.

(5) That the Court was correct that Claimant failed to produce competent evidence of the standard of care, that Respondent deviated therefrom, and that such deviation was a proximate cause of Claimant's injury.

(6) That the issues raised pursuant to Court of Claims Regulations 790.150 are not grounds for a rehearing. The issue here is standard of care and proximate cause which would not require a physical examination.

(7) That to prevail, Claimant would have to provide proof by way of expert testimony.

(8) That the Court placed no burden on Claimant except the proper burden of proof. *Informa pauperis* applies only to Claimant's inability to pay court costs. There is no provision for or requirement that the Court provide any claimant expert witnesses.

(9) That there is no authority to hold this Claimant to a lesser burden of proof than every other claimant.

(10) That Claimant had a fair trial.

Therefore, it is ordered that the petition for rehearing is denied.