(No. 93-CC-0958–

JOSE OLIVARES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 4, 1995.*

JOSE OLIVARES, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHAD FORNOFF, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant filed his claim in the Court of Claims on November 13, 1992. This is a claim for personal injury pursuant to section 8(c) of the Illinois Court of Claims Act. (705 ILCS 505/8(c).) Claimant alleged that he was injured as a result of negligence in the treatment of a broken leg from May 4, 1992, through August 11, 1992, at St. Mary's Hospital in Centralia, Illinois, where employees of the Illinois Department of Corrections transported him after a soccer accident at the Centralia Correctional Center on May 4, 1992.

Claimant contends that after he was transported to St. Mary's Hospital for emergency medical treatment, the hospital staff failed to perform an operation on his left leg until 18 days later, when the leg became infected and swollen.

Claimant alleged in his complaint that as a result of the delay in treatment, he experienced severe pain, sleeplessness, and a loss of appetite. His complaint also states that Claimant can no longer use his leg, preventing him from returning to his occupation as a construction worker, resulting in a loss of earnings of $18,200 per year.

The only evidence produced at the trial before the Commissioner on May 25, 1994, was the testimony of Claimant that the hospital failed to treat his injury properly by delaying treatment. Claimant also stated that he now can walk but has a limp and no longer can play soccer. Claimant contends he is entitled to damages of $100,000 from Respondent for negligence.

This Court has held that the State owes a duty to provide inmates with reasonable medical care to its prisoners. (*Bynum v. State* (1992), 44 Ill. Ct. Cl. 1.) The Court also has held that failure to provide timely medical attention may constitute negligence. (*Davidson v. State* (1983), 35 Ill. Ct. Cl. 825.) In the instant case, the Respondent has complied with both mandates. Respondent transported Claimant to St. Mary's Hospital for treatment on the same day as his accident and therefore fulfilled its duty to procure reasonable medical treatment for Claimant in a timely fashion. There is no evidence that Respondent delayed procuring medical care for Claimant.

In order to sustain a negligence claim against Respondent for substandard medical care, Claimant must prove by a preponderance of the evidence the standard of care, that Respondent deviated from the standard of care, and that the deviation from the standard of care was the proximate cause of the Claimant's injury. These matters usually must be proven by medical evidence. Claimant has failed to prove the standard of care and that Respondent deviated from the standard of care. (*Davis v. State*

(1987), 39 Ill. Ct. Cl. 185.) As in *Davis, supra*, the Claimant herein has adduced no proof of the State's alleged negligence other than the Claimant's own conclusory testimony. No expert testimony was presented. *Pink v. State* (1991), 44 Ill. Ct. Cl. 295.

Although there is mention in Claimant's complaint that his broken leg was caused by poor construction of the yard in which he was playing soccer, Claimant has not produced any evidence to establish that such a dangerous condition existed, that it was the proximate cause of his injury, or that Respondent had notice of such dangerous condition. In fact, at the hearing held in this matter, this claim was not mentioned.

Claimant has failed to prove his case by a preponderance of the evidence. For the foregoing reasons, it is the order of this Court that Claimant's claim is hereby denied.