420

(No. 94-CC-1657– )

DAVID LAKE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 8, 1996.*

DAVID LAKE, *pro se*, for Claimant.

JIM RYAN, Attorney General (WENDELL HAYES, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

Claimant, David Lake, an inmate with the Illinois Department of Corrections, seeks money damages from Respondent, State of Illinois, based on Claimant's allegations that he did not receive proper health care and treatment while incarcerated with the Illinois Department of Corrections at the Menard Correctional Center. In his complaint, Claimant alleges that Claimant was afflicted

with open sores on his right thumb and foot for which he sought treatment. Claimant contends that the treatment afforded by Respondent was unsuccessful, and his condition worsened. He further contends that in spite of his complaints, he did not receive appropriate care between the months of October, 1992, and December, 1992. Claimant contends that in December of 1992, Claimant was afforded different medication which again caused his condition to worsen. Finally, Claimant contends that in January of 1993, he was referred to "doctors from an outside medical facility" who discovered the cause of his problems and apparently relieved Claimant's symptoms.

The cause was tried before Commissioner Rath. The Claimant proceeded to trial even though the Commissioner indicated Claimant could seek a continuance to obtain witnesses and evidence. At the hearing, Claimant testified that when he arrived at Menard Correctional Center on August 13, 1992, he was examined and found to be physically "stable." Claimant informed Menard correctional officials that he had a medical history of ulcers and was seen on August 17, 1992, by Dr. Khan. On August 18, 1992, Claimant submitted a request to the healthcare unit at Menard to see a doctor concerning two open sores located on his right toe and right thumb. Claimant contends his request went unanswered until finally, on September 27, 1992, he was seen by Dr. Khan. Claimant informed the doctor that he had submitted a request to the healthcare unit concerning the sores. Dr. Khan looked at the sores and prescribed an anti-fungus cream and zinc ointment. Claimant testified that this medication had an adverse effect and that he made further requests for medical attention. On September 29, 1992, Claimant contends that a medical technician was informed by Claimant of the problems he was having with his right fifth toe and right thumb. Thereafter, Claimant received

additional creams and treatments on October 1, 1992. He was also seen by medical personnel on October 2, 1992. During this period of time, Claimant testified that he was in pain but was given nothing for the pain. On October 7, 1992, Claimant was seen by Dr. Khan who observed his condition and prescribed medicated cream but gave nothing to Claimant for pain. At the trial, Claimant contended that his right thumb was larger than his left thumb as a result of these conditions.

Claimant testified that he believed his medical needs were not being addressed on a professional level and were totally disregarded. He believes the treatment he received caused him physical and psychological pain. Claimant further testified that on November 30, 1992, he received outside help from a Dr. Wallace in Belleville. Dr. Wallace gave him medication that worked and apparently resolved Claimant's medical problems. However, Claimant testified that he still has pain in his hand and he is limited in his writing with his hand.

On cross-examination, Claimant acknowledged that he saw medical technicians and nurses, a doctor, and a specialist during his time at Menard. Claimant admitted that on numerous occasions he had opportunities to have his problems looked at and had received certain prescribed medications. On cross-examination, Claimant produced ten different medication containers and stated that these were the medications he was treated with.

Claimant contends in general that he was not treated properly and did not receive "the right stuff."

Claimant presented no expert medical testimony. The Respondent presented no evidence.

Claimant's claim is a cause of action sounding in medical negligence. Any Claimant who files a claim against the

State alleging medical malpractice must establish by a preponderance of the evidence a breach of duty by Respondent, that the Respondent deviated from the standard of care, and that the deviation was a proximate cause of Claimant's injury. (*Pink v. State* (1991), 44 Ill. Ct. Cl. 295.) Claimant failed to present any expert testimony to establish the standard of care, that Respondent deviated from the standard of care, and that the deviation was a proximate cause of Claimant's injury. Such evidence must be established by expert witnesses. (*O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12.) An inmate who files a claim for medical malpractice must establish the standard of care by expert testimony. The standard of care which the Claimant must establish is that care which is provided by a reasonably well-trained medical provider in the same or similar circumstances in a similar locality. (*Williams v. State* (1994), 46 Ill. Ct. Cl. 221.) In the present case, Claimant has failed to prove the standard of care and a deviation from that standard of care. (*Ray v. State* (1992), 44 Ill. Ct. Cl. 173.) While the Court has indicated a deviation from the standard of care can be found if the inadequate care is obvious, there still must be proof that the deviation was the proximate cause of the alleged injury. *Purtle v. Hess* (1986), 111 Ill. 2d 229.

The Court finds that the alleged inadequate care contended by Claimant is not obvious in this case. Claimant had the burden of providing expert testimony to establish the standard of care, which he did not do. Claimant has also failed to meet his burden of proof on the issue of proximate cause. *Tops v. Logan* (1990), 197 Ill. App. 3d 284.

In this case, there is no competent evidence that the Respondent deviated from the standard of care or that any actions or inactions by the medical providers proximately

caused any injury to this Claimant. For the foregoing reasons, it is the order of this Court that Claimant's claim be and hereby is denied.